[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
INTRODUCTION
The plaintiff has requested permission to file an amended complaint, to which the defendant has objected.
The original complaint and the proposed amended complaint both allege that the plaintiff suffered personal injuries when she fell while she was stepping out of a van (the "van") which was owned by the defendant and operated by one of its employees. The original complaint alleges that the plaintiffs injuries were caused by the defendant's negligence in maintaining and operating the van in a dangerous condition. The proposed amended complaint does not contain any of the allegations of negligence concerning the condition of the van contained in the original complaint. Rather, it contains allegations that the defendant's employee was negligent in parking the van at a place where, when the plaintiff stepped out of the van, she had to step into a hole in the ground, which resulted in her fall.
The defendant has objected to the proposed amendment on the ground that it seeks to assert a new cause of action (after the expiration of the statute of limitations governing that cause of action).
DISCUSSION
The rule governing amendments of the type proposed by the plaintiff was stated in Barrett v. Danbury Hospital, 232 Conn. 242, as follows:
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not CT Page 4905 change the cause of action . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . (Citations and internal quotation marks omitted.)
Id., 263-64.
Both the original complaint and the proposed amended complaint allege that the plaintiff was injured while alighting from the defendant's van as a result of the negligence of the defendant or its employee. Regardless of whether the particular act of negligence which is alleged to have caused those injuries related to the condition of the van, or to where the van was parked, that causative act was part of the "single group of facts" discussed in Barrett.
CONCLUSION
The defendant's objection to the plaintiffs request for permission to file an amended complaint is overruled.
G. Levine, J.